## NAUTILUS INSURANCE COMPANY, an Arizona corporation, Plaintiff—Appellee,

v.

## WORLDWIDE AEROS CORPORATION, a Delaware corporation, Defendant,

and

Kelley Franklin Norsworthy, individually and as Successor in Interest for Dean Christopher Norsworthy, Deceased; et al., Defendants—Appellants.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Nautilus Insurance Company,
an Arizona corporation,
Plaintiff—Appellee,

v.

Worldwide Aeros Corporation, a
Delaware corporation, Defendant—Appellant,

and

Kelley Franklin Norsworthy, individually and as Successor in Interest for Dean Christopher Norsworthy, Deceased; et al., Defendants.

No. 04–55467, 04–55538.
D.C. No. CV–03–00131–VAP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Decided March 16, 2006.

Jeffrey S. Bolender, Esq., Bolender & Associates, Torrance, CA, for Plaintiff-Appellee.

184

Mark L. Russakow, Esq., Russakow, Ryan & Johnson, Pasadena, CA, for Defendant-Appellant.

Clay Robbins, III, Esq., Magana, Cathcart & McCarthy, Los Angeles, CA, for Defendant.

Before PREGERSON, NOONAN, and THOMAS, Circuit Judges.

## MEMORANDUM *

Appellee Nautilus Insurance Company brought this action seeking a declaration that claims by the Norsworthy appellants against appellant Worldwide Aeros Corporation in an underlying state court tort suit are not covered by the insurance policy issued to Worldwide by Nautilus. The Norsworthies and Worldwide ("Norsworthy") appeal the district court's grant of partial summary judgment in favor of Nautilus. We affirm. As the parties are familiar with the facts, we do not recite them here.

## ANALYSIS

We find that the loss is not covered by the policy on two independent grounds. First, the loss is outside the scope of "manufacturing." Second, the loss is excluded as part of the Products / Completed Operations Hazard.

### 1. The Loss Is Outside The Scope of "Manufacturing"

■ The policy limits coverage to claims arising out of "manufacturing exposure only." Norsworthy can prevail only if "manufacturing" can reasonably be read to encompass training services offered appurtenant to the sale of a manufactured good. Such a reading is not reasonable. The ordinary meaning of "to manufacture" is "to make or process (a raw material) into a finished product." WEBSTER's II NEW RIVERSIDE UNIVERSITY DICTIONARY 725 (1984). Training a customer how to use a product is simply not encompassed within the conversion of raw material into finished goods. Indeed, Norsworthy makes this very distinction in her reply brief, stating that Worldwide's operations at the San Bernardino Airport "included manufacturing activities, as well as, crew training."

"Where it is clear, [policy] language must be read accordingly." Buss v. Sup. Ct., 16 Cal.4th 35, 65 Cal.Rptr.2d 366, 939 P.2d 766, 773 (1997). The language of the endorsement limiting coverage to manufacturing exposure is clear, and does not encompass the loss in this case. The district court did not rely upon this ground in granting summary judgment, but we may affirm on any ground supported by the record, whether or not relied upon by the district court. Valdez v. Rosenbaum, 302 F.3d 1039, 1043 (9th Cir.2002).

### 2. The Loss Is Excluded Because It Falls Within The Products / Completed Operations Hazard

The June 28, 2000 Norsworthy loss is excluded by the Products / Completed Operations Hazard exclusion. That exclusion applied to losses that occurred (1) away from premises that Worldwide owned or leased, (2) after the customer had taken physical possession of the product, and (3) after Worldwide's work had been completed. We consider each element in turn.

■ The loss undoubtedly occurred away from premises Worldwide owned or

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

rented. Dean Norsworthy tripped and fell on the tarmac at the San Bernardino Airport, approximately 100 yards from Hangar 795. At the time of the June 28, 2000 accident, Worldwide did not own or rent any property in the vicinity. Until May 1, 2000, Worldwide had rented Hangar 795, where the airship was stored, but as of May 1st the hangar was leased by Airline Systems, an affiliate of buyer Airship USA.

The loss also did not arise out of a product that was still in Worldwide's physical possession. At the time of Dean Norsworthy's fall, the airship was being operated for the benefit of buyer Airship USA by test pilot services company Airship Resources. As a matter of common sense, it is the pilot of an airship that has physical possession of it. The pilot was not affiliated with Worldwide, and therefore the airship was not possessed by Worldwide. Contractual obligations and regulatory limitations do not determine who has physical possession at any given time. Physical possession is not the same as lawful possession or full, unfettered ownership. If a thief broke in to the hangar and snuck away with the airship under cover of night, he would be in physical possession of the craft, whether or not his flight was FAA-approved.

Neither did the loss arise out of work that had not yet been completed. As noted above, the policy covers only manufacturing. Some work that Worldwide was contractually obligated to perform had not yet been completed, but all "manufacturing" had already taken place.

■ The Products—Completed Operations Hazard Exclusion is not, as Norsworthy urges, rendered inoperable because it inconspicuously takes away coverage that an insured could reasonably expect. *See Haynes v. Farmers Ins. Exchange*, 32 Cal.4th 1198, 13 Cal.Rptr.3d 68, 89 P.3d 381 (2004) (a policy limitation is inoperative if it violates the reasonable expectations of an average lay insured and is not clear and conspicuous). An insured in the place of Worldwide could not have reasonably expected that the insurance extended to injuries to the. ground crew during training flights undertaken by the buyer of an airship. The $2,500 premium, less than a hundredth the premium paid for the airship's insurance by buyer Airship USA, limits the scope of reasonable expectations. *See Hollingsworth v. Commercial Union Ins. Co.*, 208 Cal.App.3d 800, 808, 256 Cal. Rptr. 357 (Cal.Ct.App.1989). Further, as noted above, the policy expressly limits coverage to manufacturing exposure, and a reasonable insured would not consider training to be within the scope of manufacturing.

### 3. Waiver and Estoppel

■ Nautilus did not waive any policy limitations. In California, "waiver requires the insurer to intentionally relinquish its right to deny coverage and that a denial of coverage on one ground does not, absent clear and convincing evidence to suggest otherwise, impliedly waive grounds not stated in the denial." *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 44 Cal.Rptr.2d 370, 900 P.2d 619, 636 (1995). Far from clear and convincing evidence of intentional waiver, the initial reservation of rights letter, while enumerating some potentially applicable policy limitations, expressly "does not waive or invalidate any of the other terms, conditions, or exclusions of this policy which now exist or may later become apparent."

■ Nautilus is not estopped from asserting any of the coverage limitations contained in the policy. In California, "the doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer, are not available to bring within the coverage of a policy risks not cov-

ered by its terms, or risks expressly excluded therefrom." *Manneck v. Lawyers Title Ins. Corp.*, 28 Cal.App.4th 1294, 1303, 33 Cal.Rptr.2d 771 (Cal.Ct.App.1994). While an insurer's actions can cause it to be estopped from asserting a procedural defense to a claim, *see Spray, Gould & Bowers v. Associated International Ins. Co.*, 71 Cal.App.4th 1260, 84 Cal.Rptr.2d 552 (Cal.Ct.App.1999), an insurer cannot, as Norsworthy urges, be estopped from asserting policy language that limits the scope of covered risks.

### CONCLUSION

Because the loss falls outside the scope of "manufacturing exposure," is excluded by the Products / Completed Operations Hazard Exclusion, and is unaffected by waiver and estoppel, we affirm.